NOT DESIGNATED FOR PUBLICATION

No. 113,953

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF LIBERAL, KANSAS,
*Appellant*,

v.

NOLAN FITZ,
*Appellee*.

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed January 29, 2016. Vacated and remanded.

*James C. Dodge*, city assistant prosecutor, of Sharp McQueen, P.A., of Liberal, for appellant.

*Peter G. Olson*, of Brooks & Olson, of Liberal, for appellee.

Before BRUNS, P.J., MCANANY, J., and JOHNSON, S.J.

*Per Curiam*:  The City of Liberal appeals the district court's decision granting Nolan Fitz' motion to suppress. The district court suppressed all the evidence against Fitz because the officer used a horizontal gaze nystagmus (HGN) test when investigating whether Fitz was driving while under the influence of alcohol. Because the district court unfortunately based its decision on a misinterpretation of the Kansas Supreme Court's ruling in *City of Wichita v. Molitor*, 301 Kan. 251, 341 P.3d 1275 (2015), we vacate and remand for further proceedings.

1

On April 26, 2014, Fitz received a ticket for operating or attempting to operate a vehicle while under the influence of alcohol or drugs (DUI), transporting an open container, and failing to signal. After a trial on January 21, 2015, the Municipal Court of the City of Liberal found Fitz guilty of DUI and failure to signal but not guilty of transporting an open container. On January 23, 2015, Fitz filed a notice of appeal to the district court.

Fitz filed a motion on March 11, 2015, in which he sought to suppress the results of the field sobriety tests, the preliminary breath test (PBT), and the Intoxilyzer 8000 test administered on the night of his arrest. Fitz argued that the field sobriety tests were administered in violation of the officer's training, that the HGN test used by the officers was inadmissible "voodoo science," and that the PBT was not administered properly.

On May 7, 2015, the district court held a hearing on the motion to suppress. At the outset of the hearing, the district court asked the parties whether a law enforcement officer administered an HGN test during the investigation. When the prosecutor answered in the affirmative, the district court stated: "Well, my policy is, based upon the Supreme Court ruling from the State of Kansas, if officers use HGN that determines the case. So I'm going to order all evidence suppressed." Although the district court allowed both parties to make proffers and arguments, it does not appear that it relied on them in making its decision to grant the motion to suppress.

The City filed a notice of appeal, which became effective when the district court filed a journal entry on June 16, 2015. See Supreme Court Rule 2.03(a) (2015 Kan. Ct. R. Annot. 13) (stating that a premature notice of appeal filed after oral pronouncement of the judgment becomes effective when the journal entry of final judgment is filed). The journal entry stated that the district court granted the motion to suppress based on the

Kansas Supreme Court's ruling in *Molitor*. It should be noted that although Fitz pled guilty to the failure to signal charge, the City reserved the right to appeal the suppression of evidence. Fitz did not appeal his conviction for failure to signal.

ANALYSIS

In this interlocutory appeal, the City contends that the district court erred in granting Fitz' motion to suppress. We agree.

We apply a bifurcated standard of review on an appeal of a suppression motion—reviewing factual findings for substantial competent evidence and legal conclusions de novo. But when, as here, the material facts are not in dispute, we only apply the unlimited standard of review to the legal question of whether to suppress the evidence. *State v. Stevenson*, 299 Kan. 53, 57-58, 321 P.3d 754 (2014).

The district court based its decision entirely on its belief that the Kansas Supreme Court held in *Molitor* that any time an HGN test is used in a DUI investigation, all evidence must be suppressed. This, however, is an incorrect interpretation of *Molitor*. Rather, the Kansas Supreme Court held in *Molitor* that unless the HGN test is proven to be scientifically reliable, the *results of the test* are inadmissible for any reason—including to establish reasonable suspicion to request a PBT. See 301 Kan. at 264.

The Kansas Supreme Court went on to find in *Molitor* that the remaining totality of the circumstances that existed at the time of a PBT request should be examined to determine whether a law enforcement officer had the necessary reasonable suspicion to request a PBT. See 301 Kan. at 264-66. Specifically, it was held that "[s]uch a fundamental error cannot be deemed harmless, *unless the other evidence was sufficient to establish the requisite reasonable suspicion without considering the HGN test results.*" 301 Kan. at 264.

3

Accordingly, although the district court was correct that the HGN test was inadmissible to establish reasonable suspicion, it should have examined all the evidence except for the HGN test results to determine whether it was sufficient to withstand the motion to suppress. See *State v. Engelman*, No. 113,429, 2015 WL 5458778, at *2-3 (Kan. App. 2015) (unpublished opinion). We, therefore, vacate the district court's suppression order and remand this case for further proceedings.

Vacated and remanded.